ACCEPTED
05-14-01207-cr
FIFTH COURT OF APPEALS
DALLAS, TEXAS
7/27/2015 4:41:27 PM
LISA MATZ
CLERK

5th Court of Appeals
FILED: 7-29-15
Lisa Matz, Clerk

No. 05-14-1207-CR

In the Court of Appeals
For the Fifth District of Texas
Dallas, Texas

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
7/27/2015 4:41:27 PM
LISA MATZ
Clerk

## Brittany Rae Booker,

Appellant

v.

## The State of Texas,

Appellee

On appeal from the County Court at Law #3 of Collin County, Texas
Honorable Lance Baxter, Presiding
Cause No. 003-83858-2014

# Appellant's Brief

Charles Pelowski
121 E. Myrtle
Angleton, Texas 77515
Tel. 979-849-8526
Charlie@smbattorney.com
State Bar No. 24061053
Attorney for Appellant

## Identity of Parties and Counsel

Brittany Rae Booker—Appellant

The State of Texas—Appellee

**Appellate Counsel**

Charles Pelowski
121 E. Myrtle
Angleton, TX 77515

**Appellate Counsel**

John Rolater
Assistant District Attorney
Collin County District Attorney's Office
2100 Bloomdale Rd., Ste. 200
McKinney, TX 75071

**Trial Counsel**

Charles Pelowski
121 E. Myrtle
Angleton, TX 77515

William Anthony "Tony" Vitz
1413 Harroun Ave.
McKinney, TX 75069

**Trial Counsel**

Ryan King
Assistant District Attorney
Collin County District Attorney's Office
2100 Bloomdale Rd., Ste. 200
McKinney, TX 75071

# Table of Contents

Identity of Parties and Counsel................................................................................ 1

Index of Authorities................................................................................................. 4

Statement of the Case.............................................................................................. 4

Issue Presented......................................................................................................... 5

Statement of Facts.................................................................................................... 5

Summary of the Argument....................................................................................... 7

Argument.................................................................................................................. 9

   Standard of Review............................................................................................... 9

   The only evidence presented in this case established that the so-called
   "interference" consisted of Appellant arguing with and questioning a police
   officer. This conduct was speech only, and was therefore not an offense under
   Texas Penal Code 38.15. .................................................................................... 9

Prayer..................................................................................................................... 14

Certificate of Compliance ..................................................................................... 15

Proof of Service ..................................................................................................... 15

# Index of Authorities

### Cases

*Carney v. State*, 31 S.W.3d 392 (Tex. App.—Austin 2000)............................. 10, 11, 14

*Freeman v. Gore*, 483 F.3d 404 (5th Cir. 2007) ............................................................11

*Haggerty v. Texas Southern University*, 391 F.3d 653 (5th Cir. 2004). .....................11, 12

*Jackson v. Virginia*, 443 U.S. 307 (1979). ........................................................................9

### Statutes

Tex. Pen. Code 2.03. .....................................................................................................10

Tex. Pen. Code 38.15 ...................................................................................................9, 10

# Statement of the Case

Appellant, Brittany Rae Booker, was charged by information with Interference with Public Duties in violation of Texas Penal Code § 38.15.[1] The case proceeded to a jury trial, wherein Appellant was convicted and sentenced to 90 days incarceration.[2] The trial court suspended Appellant's sentence and placed her on community supervision for a period of 9 months.[3] This is a direct appeal from that conviction and sentence.

---

[1] (Clerk's R. at 6).
[2] (Clerk's R. at 52).
[3] (Clerk's R. at 52).

4

## Issue Presented

It is a statutory defense to Texas Penal Code § 38.15 that a person's conduct involved speech alone, even if that person argues with officers, delaying or stalling an investigation. At trial in the case at bar, the only evidence presented showed that Appellant questioned a police officer's authority and argued with him, delaying his investigation, but that Appellant did not touch, block, or otherwise physically obstruct the officer in any way. Was the evidence insufficient to convict Appellant for violation of Texas Penal Code § 38.15?

## Statement of Facts

On April 10, 2014, law enforcement responded to a bank robbery involving a bomb threat.[4] Police officers set up a perimeter and waited for explosive-ordinance-disposal units to respond.[5] This perimeter was described as a "porous perimeter," meaning that people were free to come and go from neighboring business, including a nearby CVS drugstore.[6] Brittany Booker, the Appellant, was standing on the

---

[4] (Rep.'s R. vol. 2 at 24:15-25:2).
[5] (Rep.'s R. vol. 2 at 26:1-12).
[6] (Rep.'s R. vol. 2 at 35:20-37:3).

sidewalk outside of the CVS attempting to videotape the law enforcement response.[7]

Appellant was outside of the perimeter marked by law enforcement.[8]

Officer Smith testified that he saw Appellant standing on the sidewalk near the CVS and asked her to come toward his car, which was inside the perimeter marked by law enforcement with orange cones.[9] Appellant declined.[10] Officer Smith told Appellant that she needed to leave the area, and Appellant responded by saying, "OK, but why?" and questioning Officer Smith about why she could not be there.[11] Officer Smith testified that, at that point, law enforcement was "ready to roll," and he again told her to move.[12] Appellant repeated her questions to Officer Smith about why she could not be on the sidewalk, and Officer Smith arrested her Interference with Public Duties.[13]

Officer Smith testified that Appellant did not take any action toward him.[14] She did not touch him.[15] She did not block his vehicle with her body and she did

---

[7] (Rep.'s R. vol. 2 at 40:18-20).
[8] (Rep.'s R. vol. 2 at 68:24-69:4).
[9] (Rep.'s R. vol. 2 at 42:8; 67:24-68:2).
[10] (Rep.'s R. vol. 2 at 42:8).
[11] (Rep.'s R. vol. 2 at 42:12-13; 74:6-17).
[12] (Rep.'s R. vol. 2 at 41:15; 74:6-19).
[13] (Rep.'s R. vol. 2 at 42:20-22).
[14] (Rep.'s R. vol. 2 at 79:8-11).
[15] (Rep.'s R. vol. 2 at 79:12-13).

nothing to physically obstruct the officer.[16] The alleged interference consisted only of arguing with or questioning Officer Smith.[17] She did nothing to physically interfere with Officer Smith's investigation.[18] She merely "delayed" or "stalled" Officer Smith.[19]

## Summary of the Argument

Texas Penal Code § 38.15 prohibits a person from interfering with a police officer who is performing a lawful duty. Section 38.15 also provides that it is a statutory defense to the offense of Interference with Public Duties that a person's conduct consisted of speech alone. Texas courts and the United States Court of Appeals for the Fifth Circuit have recognized that arguing with an officer and questioning his authority, without more, is mere speech. This is true even if the person's argument delays an officer from taking action or conducting an investigation.

In the instant case, Appellant was approached by Officer Smith and asked to leave the sidewalk outside of a CVS near where law enforcement had set up a perimeter to conduct a controlled detonation. The testimony at trial showed that

---

[16] (Rep.'s R. vol. 2 at 14-19).

[17] (Rep.'s R. vol. 2 at 79:20-22).

[18] (Rep.'s R. vol. 2 at 80:2-3).

[19] (Rep.'s R. vol. 2 at 79:25-80:2).

Appellant was outside the marked perimeter when she was told to leave. Appellant agreed to leave the area, but questioned Officer Smith about why she could not remain outside of the marked perimeter. She briefly argued with Officer Smith, questioning why he could be inside the marked perimeter but she could not be outside of it.

According to Officer Smith's testimony, at no point did Appellant physically touch, block, or otherwise physically impede him. Officer Smith testified that Appellant was arrested because, by questioning his authority and arguing with him, she delayed his investigation when he "was ready to roll."

The only evidence produced at trial showed that Appellant's conduct amounted to no more than arguing with the officer, delaying him. Texas and federal courts have recognized that such conduct is not an actionable offense under Texas Penal Code § 38.15.

Because the only evidence presented at trial showed that Appellant's conduct amounted to nothing more than speech alone, the State failed to carry its burden of proof beyond all reasonable doubt, and the evidence presented against Appellant was insufficient to sustain a conviction for Interference with Public Duties.

This Court should reverse Appellant's conviction and render an acquittal.

## Argument

### Standard of Review

Evidence is insufficient to sustain a guilty verdict if no rational trier of fact could found that the State proved every element of the offense charged beyond all reasonable doubt.[20] Proof beyond a reasonable doubt is an essential requirement of Due Process, and a conviction without sufficient proof is unconstitutional.[21]

**The only evidence presented in this case established that the so-called "interference" consisted of Appellant arguing with and questioning a police officer. This conduct was speech only, and was therefore not an offense under Texas Penal Code 38.15.**

Texas Penal Code 38.15 provides, in pertinent part, that "a person commits an offense if the person with criminal negligence interrupts, disrupts, impedes or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law."[22] It is "a defense to prosecution under this section that the interruption, disruption, impediment, or interference

---

[20] *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

[21] *Id.*

[22] Tex. Pen. Code 38.15(a)(1).

alleged consisted of speech only."[23] The State has the burden of disproving a raised defense beyond all reasonable doubt.[24]

In *Carney v. State*, the Court of Appeals in Austin held that arguing with police officers "does not constitute an actionable offense" under Texas Penal Code § 38.15.[25] Further, the court held that "speech is a statutory defense to the offense charge[d] even if the end result is 'stalling'."[26]

David Carney was arrested for interference with public duties in violation of Texas Penal Code § 38.15 when police officers showed up at his house and attempted to arrest his wife.[27] Carney argued with the police, telling them that their warrant was invalid and refusing to move from in front of the door to his house. *See id.* Officers encircled Carney while he argued with them about entering the house.[28] After some time, the officers "became antsy," "determined that it was time to go in," "thought [Carney] had been given ample time," and decided that Carney's arrest was "way overdue."[29]

---

[23] Tex. Pen. Code 38.15(d).

[24] *See* Tex. Pen. Code 2.03.

[25] *Carney v. State*, 31 S.W.3d 392, 398 (Tex. App.–Austin 2000).

[26] *See id.*

[27] *See id.*

[28] *See id.*

[29] *See id.*

In *Carney*, the State argued that

[B]y arguing with the Troopers first in the front yard, then at the garage door, and then at the doorway leading from the garage into the residence proper, appellant was stalling the Troopers.... Appellant's actions of more than mere words were the direct cause of Trooper Jones having to push appellant to the side but-for appellant's physical presence at, in or near the doorway, he would have been neither pushed nor arrested.[30]

But the Austin Court of Appeals found this argument unpersuasive.[31] The Court of Appeals conceded that Carney's argument with the officers "delayed the officers" entry into the home, but further recognized that speech alone is a statutory defense to the charge of interference with public duties.[32] The Court of Appeals reversed Carney's conviction and rendered an acquittal.[33]

The United States Court of Appeals for the Fifth District has twice recognized that *Carney* prohibits conviction for an offense under Texas Penal Code § 38.15 when a defendant's conduct consists of speech only.[34] Moreover, in applying *Carney* the Fifth Circuit recognized that Texas law limits the application of section 38.15 to

---

[30] *Id.*

[31] *See id.*

[32] *See id.*

[33] *See id.* at 398-99.

[34] *See Freeman v. Gore*, 483 F.3d 404 (5th Cir. 2007); *Haggerty v. Texas Southern University*, 391 F.3d 653 (5th Cir. 2004).

11

an analysis to the defendant's conduct alone without examining the surrounding facts of the alleged offense.[35]

The facts of the case at bar are extremely similar to *Carney*. On April 10, 2014, law enforcement responded to a bank robbery involving a bomb threat.[36] Police officers set up a perimeter and waited for explosive ordinance disposal units to respond.[37] This perimeter was described as a "porous perimeter," meaning that people were free to come and go from neighboring business, including a nearby CVS drugstore.[38] Brittany Booker, the Appellant, was standing on the sidewalk outside of the CVS attempting to videotape the law enforcement response.[39] Appellant was outside of the perimeter marked by law enforcement.[40]

Officer Smith testified that he saw Appellant standing on the sidewalk near the CVS and asked her to come toward his car, which was inside the perimeter marked by law enforcement with orange cones.[41] Officer Smith told Appellant that she needed to leave the area, and Appellant responded by saying, "OK, but why?"

---

[35] *See Haggerty*, 483. F.3d at 559 (DeMoss, J. dissenting).

[36] (Rep.'s R. vol. 2 at 24:15-25:2).

[37] (Rep.'s R. vol. 2 at 26:1-12).

[38] (Rep.'s R. vol. 2 at 35:20-37:3).

[39] (Rep.'s R. vol. 2 at 40:18-20).

[40] (Rep.'s R. vol. 2 at 68:24-69:4).

[41] (Rep.'s R. vol. 2 at 42:8; 67:24-68:2).

and questioning Officer Smith about why she could not be there.[42] Officer Smith testified that, at that point, law enforcement was "ready to roll," and he again told her to move.[43] Appellant questioned Officer Smith a second time about why she could not be on the sidewalk, and Officer Smith arrested her "for interfering with the proceedings that's going on here for the investigation [*sic.*]."[44]

Appellant did not take any action toward Officer Smith.[45] She did not touch him.[46] She did not block his vehicle with her body and she did nothing to physically obstruct the officer.[47] The alleged interference consisted only of arguing with or questioning Officer Smith.[48] She did nothing to physically interfere with Officer Smith's investigation.[49] She merely "delayed" Officer Smith.[50]

Appellant's conduct amounted to mere speech. This is the exact situation addressed by *Carney*. Appellant only questioned the officer, delaying his investigation. As the *Carney* Court correctly stated, "speech is a statutory defense to the offense [of Interference with Public Duties] even if the end result is 'stalling'" a

---

[42] (Rep.'s R. vol. 2 at 42:12-13; 74:6-17).

[43] (Rep.'s R. vol. 2 at 41:15; 74:6-19).

[44] (Rep.'s R. vol. 2 at 42:20-22).

[45] (Rep.'s R. vol. 2 at 79:8-11).

[46] (Rep.'s R. vol. 2 at 79:12-13).

[47] (Rep.'s R. vol. 2 at 14-19).

[48] (Rep.'s R. vol. 2 at 79:20-22).

[49] (Rep.'s R. vol. 2 at 80:2-3).

[50] (Rep.'s R. vol. 2 at 79:25-80:2).

police officer's investigation.[51] This Court should reverse Appellant's conviction and render an acquittal.

## Prayer

Because Appellant's conduct, like David Carney's conduct, amounted to nothing more than speech, no rational fact finder could have found that the State proved its case and negated the statutory defense beyond all reasonable doubt. Like the *Carney* Court, this Court should reverse Appellant's conviction and render an acquittal.

Respectfully submitted,

**/s Charles Pelowski**

Charles Pelowski
State Bar No. 24061053
121 E. Myrtle
Angleton, Texas 77515
Telephone: (979) 849-8526
Facsimile: (979) 848-1877
charlie@smbattorney.com
ATTORNEY FOR APPELLANT,
BRITTANY RAE BOOKER

---

[51] *Carney*, 31 S.W.3d at 398.

## Certificate of Compliance

I, Charles Pelowski, attorney for Appellant, hereby certify that this document contains 1,787 words, exclusive of the content excepted by Tex. R. App. Pro. 9.4(i)(1). This is a computer-generated document, and I have relied on the word count of the computer program used to prepare this document.

**/s Charles Pelowski**

## Proof of Service

I, Charles Pelowski, attorney for Appellant, hereby certify that I served a true and accurate copy of the foregoing appellate brief to John Rolater, attorney for the State of Texas, by electronic service.

**/s Charles Pelowski**